**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-00752-001-TUC-JGZ (EJM) |
| Plaintiff, | **ORDER** |
| v. | |
| Antwanette Marie Masters, | |
| Defendant. | |

Before the Court is Magistrate Judge Eric Markovich's Report and Recommendation (R&R) recommending that the District Court enter an order granting Defendant's Motion to Dismiss the Superseding Indictment with Prejudice. (Doc 47.) The United States has filed an Objection. (Doc. 51.) After an independent review of the parties' briefing and of the record, the Court will overrule the Government's objection and adopt Judge Markovich's R&R.

## STANDARD OF REVIEW

When reviewing a Magistrate Judge's Report and Recommendation, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis omitted). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn,* 474 U.S. 140, 149 (1985). *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Reyna-Tapia,* 328 F.3d at 1121;

*Schmidt v. Johnstone,* 263 F.Supp. 2d 1219, 1226 (D. Ariz. 2003).

## DISCUSSION

Defendant was charged with one count of felon in possession of a firearm and ammunition pursuant to 18 U.S.C. § 922(g)(1). (Doc. 13.) Section 922(g)(1) makes it unlawful for a person who has been convicted of "a crime punishable by imprisonment for a term exceeding one year" to possess a firearm. Judge Markovich issued an R&R recommending that the Court grant Defendant's Motion to Dismiss the Indictment with Prejudice, interpreting the statutory language "punishable by imprisonment for a term exceeding one year" to mean as actually prosecuted or adjudicated, rather than as determined by the statutory maximum of the underlying offense, and then concluding that none of Defendant's three underlying offenses constituted felonies.

The Government first objects to Judge Markovich's interpretation of Section 922(g)(1)'s "publishable by" language, arguing that the Court should look to the underlying offense's statutory maximum to determine whether a crime is "punishable by imprisonment for a term exceeding one year," as was historically the Court's approach under *United States v. Murillo*, 422 F.3d 1152 (9th Cir. 2005). As the Government acknowledges in its supplemental filing (Doc. 55), however, the analysis in Judge Markovich's R&R is consistent with a recently issued Ninth Circuit opinion, *United States v. McAdory*, Case No. 18-30112, 2019 WL 4051597 (9th Cir. Aug. 28, 2019), decided after the Government filed its initial objection. Prior to *McAdory*, the Ninth Circuit had also recently held in *United States v. Valencia-Mendoza*, 912 F.3d 1215 (9th Cir. 2019), that a "felony," defined under United States Sentencing Guideline § 2L1.2 as "any federal, state, or local offense punishable by imprisonment for a term exceeding one year," included only those prior offenses actually punishable by a sentence over one year under the state's mandatory sentencing guidelines, rather than the potential maximum sentence defined by the applicable state criminal statute. *McAdory* extended this holding to section 922(g)(1)'s definition of "felony," concluding that the court's decision in *Valencia-Mendoza* overturned *Murillo*. This Court is bound by the holding in *McAdory*.

The Government argues in the alternative that Defendant's prior convictions

constituted felonies for purposes of section 922(g)(1) because Defendant never earned the designation of misdemeanor; the prior convictions remain formally designated as "felonies" in her records. Whether an offense is formally designated as a "misdemeanor" or a "felony" on her state record, however, is not controlling. Whether a crime is "punishable by imprisonment for a term exceeding one year," as defined in Section 922(g)(1) and as that clause is interpreted in *McAdory*, governs. For the reasons stated by Judge Markovich, none of Defendant's prior convictions can serve as the predicate offense to an 18 U.S.C. § 922(g)(1) prosecution.

## CONCLUSION

Accordingly,

IT IS ORDERED that the Report and Recommendation (Doc. 47) is ADOPTED.

IT IS FURTHER ORDERED that the Motion to Dismiss the Superseding Indictment (Doc. 26) is GRANTED. The Superseding Indictment (Doc. 22) is dismissed with prejudice. The Clerk of the Court is directed to close this case.

Dated this 9th day of September, 2019.

_____
Honorable Jennifer G. Zipps
United States District Judge